Evans, ■ J.
This ease is submitted on a demurrer by the defendants to the petition upon the ground that said petition does not state facts sufficient to constitute a cause of action. The petition is one in mandamus and seeks a writ of mandamus directing the defendant, Sylvester O. Noble, city auditor of the city of Columbus, to certify as of the 21st day of December, 1909, that there is money in the city treasury of said city, unappropriated, therewith to pay the amount to become due under the alleged contract set forth in the petition, and also to direct the defendants to hold a sum of money in the safety fund of said city sufficient to cover the amount claimed to be due upon said contract, and to refrain from making any entries -whereby said amount -of said safety fund shall revert to the fund from which it came, and also to require said defendants to appear and show cause why they should not make said certificate as- aforesaid.
The petition avers, in substance, that the relators are attorneys at law practicing in the city of Columbus; that the defendant, Noble, is the duly elected and acting city auditor of said city, and further avers that -one Foster G-. Burdell is the duly appointed, qualified and acting director of public safety of said city. That on the 21st day of December, 1909, the relators duly and regularly entered into a written contract with said city of Columbus, by and with said Burdell as such director of public safety, whereby in the consideration of the sum of $452 the relators were to render professional legal services in the prosecution of the ease of the State of Ohio, ex rel Samuel C. Slabaugh, against Sylvester C. Noble, as auditor o'f the city of Columbus, Ohio, in the Supreme Court of the state -of Ohio. Then follows a copy of said alleged contract, which is dated December 21,1909, directed to Williams, Williams, Taylor & Nash, which sets forth that services rendered in the prosecution of the State of Ohio, ex *620 rel Slabaugh, against Sylvester C. Noble, as auditor of the city of Columbus, Ohio, in the Supreme Court, as per resolution of the city council of Columbus, Ohio, passed December 20, 3909, and costs of filing motion to advance hearing in the Supreme Court, two dollars, amounted to a total of $452, signed, Foster G-. Burdell, director of public safety. The petition further says that the issues involved in the Supreme Court were as to the legal status and existence of the department of public safety and the office of the director of public safety held by said Burdell aforesaid.
The petition further avers that prior to said date said director, Burdell, had been directed and authorized by the city council of the city of Columbus, Ohio, by a resolution duly and regularly adopted on the 20th of December, 1909, and duly and regularly approved by Charles A. Bond, mayor of said city, on the 21st of December, which said resolution is in the words and figures following, to-wit:
“Be it resolved by the council of the city'of Columbus, state of Ohio, that the department of public safety be and is hereby authorized and directed to employ attorneys to defend the said department of public safety in a mandamus suit brought by Slabaugh & Jones against Sylvester C. Noble, city auditor of the city of Columbus, in the Supreme Court of the State of Ohio, and to pay attorney fees not to exceed $500 out of the public safety fund. Approved December 20, 1909, George W. Right-mire, president of council; approved December 21, 1909, Charles A. Bond, mayor; attest, John T. Barr, clerk.”
The plaintiff then avers that on the 21st of December, 1909, said contract as aforesaid was duly and regularly presented to the defendant, the auditor of the city of Columbus, Ohio, and thereupon demands duly and regularly made upon him that he should certify that there was money in the treasury of the said city of Columbus, Ohio, unappropriated, to pay the amount to become due upon said contract; that although there was upon said date, and still is, money in the safety department fund of said city of Columbus, Ohio, unappropriated, to pay the amount due upon said contract, still said defendant wrongfully and illegally refused and neglected, and still refuses, to make said *621 certification as aforesaid. Said petition further avers then that said defendants threaten to and will in their several capacities make entries whereby the money now in the treasury of the city of Columbus, Ohio, applicable to the payment of .the amount due under said contract will be reverted to the fund from which said money came after December 31, 1909, wherefore plaintiff prays as aforsaid.
The question here presented is whether under the facts stated in this case the city auditor can be required in mandamus proceedings, when .there are funds in hand and unappropriated, to certify that fact upon a contract made by the director of public safety for the employment of counsel to defend a ease in which his validity to hold the said office of director of public safety is involved, upon a resolution of the city council directing said director of public safety to employ counsel in said case, and to pay for said services in a sum of not less than $500.
The petition speaks of the contract between the relators and said director. It is not strictly true under the allegations of the petition that there is a contract between the relators and said director, and this is one of the reasons advanced in argument by counsel for the defendants why this action could not prevail. There is no doubt that there is no contract, because there could be no contract until the certification was first had and obtained from said auditor. But upon the' whole of this petition the real question here is whether, when a contract is made or attempted to be made by said director of public safety under the authority of the city council, and all that remains to make the contract complete is the certification of the auditor under the legislative act which provides such certification as indispensable to a contract of this kind, the contracting party can require, upon a proper showing, the city auditor, if there are funds available and unappropriated in such fund, to certify that fact as required by statute as a part of his duty.
I am of the opinion upon a careful examination of the statutes, and the authorities bearing thereon, that in a proper case a city auditor or clerk, whose duties under the statute would be to certify that there was money in a certain fund available and unappropriated, that such officer could not arbitrarily refuse *622 to make the certification. If, however, there are sufficient grounds or reasons in law to justify said auditor to refuse to make such certification, then, of' course, an action to mandamus him so to do could not prevail. I will not have time to review the numerous sections of the statute pertaining to the powers and duties -of such municipal officers nor to review the authorities bearing upon the questions here presented. I have examined them all very carefully, and have reached the conclusion that in this petition a case is not presented whereby the said city auditor can be directed to certify as prayed for in this petition.
There are several reasons for this. In the first place, the said defendant is not a party to the action in the Supreme Court and neither was the director, Burdell. Plowever, it may be claimed with considerable force that inasmuch as the title of Burdell to the office of director of -public safety, which he was then holding, was involved-in said suit in the Supreme Court, that it was proper he should be represented by counsel in that case in order to defend his title to the office which he was then holding. But Section 1536-663 of the Revised Statutes, am-ong other things, provides that the city solicitor shall, among his other duties, serve the directors and officers mentioned in this act -as legal counsel and attorney. I have been unable to- find, and none has been cited, any other provisions of the statute providing whereby the director -of public safety or any of the officers mentioned in said act may under, any circumstance employ counsel to defend -or prosecute actions in which any such officers are parties or in which they are beneficially interested. It does not appear in the petition why the city solicitor did not defend said action on'behalf of said director of public safety. It does, however, appear in the argument of counsel as to why such was the case. It appears from the argument of counsel, and I understand that that is not disputed, that the city solicitor in said case in the Supreme Court -appeared on -behalf of the plaintiff in that court, and against the contention of said director of public' safety that he held a valid title to said office at said time, but the only provisions of the statute, so fár as I am able to discover, in which another party may prosecute an action against a cor *623 poration which has a city solicitor are the sections pertaining to injunction proceedings in matters relating to the expenditure of public money where a tax-payer may, under certain circumstances, employ counsel and prosecute such an action where the solicitor upon application to him for that purpose has refused to prosecute the action. But I have been unable to find any section of the statute whereby under the circumstances we have in this case the director of public safety may employ counsel to prosecute or defend actions on his behalf as such officer and charge the public funds for the payment for such services. I do not undertake to pass upon -the question here that the city council might make a contract for such services, but what I do hold is, that there is no authority for the director of public safety to make any such contract, because such is not contemplated within any of the powers delegated to him under the Revised Statutes of this state; and I very seriously doubt if the city council can by resolution delegate to the director of public safety authority to make such contract. I do not hold, however, that the city council might not itself make a contract, but even then an arrangement of the city council for such services could not amount to a contract, and such services could not be performed thereunder and .a recovery be had against the city until the city auditor should first certify that there were funds available and unappropriated to pay for such services. Had the city council made this contract with the relators, then before it could have become available as a contract, it was indispensable that the certificate of the city auditor should first be procured as provided by statute. But as above stated, the director of public safety had no authority to make the contract himself, and the city council could not confer upon him powers to make contracts for the expenditure of public monies in the absence of authority conferred by statute upon the city council so to do. It is also argued by counsel in this ease that while at the time of the filing of this petition the services in said case in the Supreme Court had not been performed, yet the services have been performed and that the case has been terminated in said court. Now, there is nothing in the petition to show this fact. So far as the petition shows, it would appear that the services were yet *624 unperformed, and for that reason the question as to whether relief as prayed for in this petition could be had and the auditor required to certify as prayed for herein on a contract, the services of which had been performed and were at an end, is not properly presented on the issues here made.
The question here presented, as I view it, is one purely of statutory construction, and the powers of such officers can not be extended beyond those delegated by statute. For this reason, I do not deem it proper to look at the case from an equitable point of view, that is I mean by that, as to whether it would be right and proper for council to reimburse said director for expenses incurred by him in defending said suit. If such could be taken into consideration in this ease, it would appeal strongly to the equity side of court. For it would seem that where the title of an officer is involved in an action, although he might not himself be a party to the suit, it should be defended by him, and I have no doubt that in a proper case the city council would have authority to reimburse an officer under such circumstances for expenses in defending an action such as that. However, that is a matter between him and the city council, and is a question not made here, and upon which this court does not pass an opinion.
I am of the opinion, therefore, that said director had no authority under the statutes of this state to employ counsel to defend said suit on his behalf in the Supreme Court so as to pledge the payment of said services out of the public funds1, and I am further of the opinion that the resolution of the city coun-' cil was not a valid resolution to confer such authority upon said director of public safety, and the said city auditor could not be required to certify money in said fund unappropriated wherewith to pay the amount specified in said alleged contract.
For this reason the demurrer to the petition is sustained. Exceptions.